**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JERRY GRANT FRYE, | No. 16-16188 |
| Plaintiff-Appellant, | D.C. No. 4:14-cv-05470-YGR |
| v. | |
| STATE OF CALIFORNIA; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Yvonne Gonzalez Rogers, District Judge, Presiding

Submitted May 24, 2017[**]

Before: THOMAS, Chief Judge, and SILVERMAN and RAWLINSON,
Circuit Judges.

California state prisoner Jerry Grant Frye appeals pro se from the district

court's judgment in his 42 U.S.C. § 1983 action alleging constitutional claims

arising out of his criminal conviction. We have jurisdiction under 28 U.S.C.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

§ 1291. We review de novo a district court's dismissal under 28 U.S.C. § 1915A. *Hamilton v. Brown,* 630 F.3d 889, 892 (9th Cir. 2011). We affirm.

The district court properly dismissed Frye's action challenging his continuing confinement as barred under *Heck v. Humphrey*, 512 U.S. 477 (1994). *See id.* at 481-86 (habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release or damages arising from his allegedly unconstitutional conviction or confinement). Because the district court did not specify whether the dismissal of Frye's action was with or without prejudice, we treat the dismissal as being without prejudice. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995) (dismissals under *Heck* are without prejudice).

The district court properly dismissed Frye's original complaint because it failed to comply with Fed. R. Civ. P. 8(a)(2), included claims that were *Heck*-barred, and failed to identify how defendants' conduct caused Frye's alleged constitutional injuries. *See McHenry v. Renne*, 84 F.3d 1172, 1179-80 (9th Cir. 1996) (complaint must forth simple, concise and direct averments as required under Rule 8(a)(2)); *Heck*, 512 U.S. at 481-86; *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (liability under a § 1983 claim arises "only upon a showing of personal participation by the defendant").

The district court did not abuse its discretion in denying Frye's motions for

appointment of counsel. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth standard of review and exceptional circumstances requirement for appointment of counsel).

We do not consider documents not filed with the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990) ("Documents or facts not presented to the district court are not part of the record on appeal.").

**AFFIRMED.**